UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINICK VOLINO,

                              Plaintiff,

            -against-

FAMILY COURT DUTCHESS COUNTY, et al.,

                              Defendants.

21-CV-6466 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his

rights under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C.

§ 12101 *et seq*., in proceedings before the Dutchess County Family Court. By order dated

September 29, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.

Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff Dominick Volino uses a form "Complaint Pursuant to the Americans with

Disabilities Act" from the United States District Court for the Northern District of New York. He

names as defendants in the caption of the form complaint Family Court of Dutchess County

(Family Court); Jeffrey Martin, the judge who presided over his Family Court case; and Marisa

Vumbico, identified as Plaintiff's ex-partner. (ECF 2, at 1.) Plaintiff attaches to the form

complaint a statement of his claims and a "verified complaint" captioned for the "United States

District Court 9th District of New York." (*Id*. at 8.) In the caption of the verified complaint, he

again names Martin and the Family Court as defendants, along with Joan Posner and Damian

Amodeo, whom he identifies as two state court judges who presided over unspecified

2

proceedings. Plaintiff seeks declaratory and injunctive relief, including a ruling that "all family court based order invalid nationwide," and money damages. (*Id*. at 4.) [1]

The following information is taken from the submissions. Plaintiff alleges that he "belongs to a disfavored class defined as litigants who suffer from disabilities that affect their ability to litigate consistent with their right to due process of law," and that Defendants denied him due process and equal protection and failed to accommodate his disability in proceedings before the Family Court and other state courts. (*Id*. at 8.) Plaintiff identifies his disability as follows:

> The court states Mr. Volino Plaintiff is mentally ill schizophrenic
> Trauma from unnecessary litigation intent to injure Mr. Volino[.]

(*Id*. at 2.) He contends that if Defendants had "enforced ADA rule of law" and reasonably accommodated his disability, custody and support orders in the Family Court action "would have been lawfully, equitably, and successfully issued." (*Id*. at 8.) Instead, Plaintiff claims that "[t]he family court through a collaborative effort with the criminal justice system Main focus was to entrap [him] into a violation of Order of protection causing monetary damage to [him] by the criminal justice system." (*Id*. at 9.) Plaintiff further asserts that because he "exposed bail theft," the criminal system "fed by the family court . . . used retaliatory measures against [him]," including "inconspicuously forg[ing] an accusatory instrument and a new crime against [him]," causing "irreparable harm to [his] reputation," and "intentional infliction of emotion and monetary distress." (*Id*.) Plaintiff asserts that, as a result of actions taken by the county and state courts, he was wrongly incarcerated and lost "the ability to parent [his] child for fourteen years," his employment, reputation, and friendships. (*Id*.)

---

[1] The Court quotes the complaint verbatim, with all punctuation and errors in the original, except where noted.

Plaintiff takes particular exception to many of Judge Martin's rulings in a matrimonial and child custody action before the Family Court. He alleges that Judge Martin issued a restraining order against him to Ms. Vumbico and that, although Judge Martin knew that "the restraining order is a lie," he "continues the order due to monetary reimbursement from the Violence against womans act." (*Id*. at 5.) Plaintiff claims the following:

> JUDGE JEFFREYMARTIN INSTRUCTED MS VUMBICO ATTORNEY TO FILE REIMBURSEMENT OF ATTORNEY FEES, BECAUSE MR. VOLINO IS DEMANDING A JURY TRIAL IN A FALSE RESTRAINING ORDER ON LIES THEY CREATE, AND ARE ANGERED, I WAS SMART ENOUGH TO EXPOSE THEIR SCAM OF COERCING PEOPLE TO LIE IN RESTRAINING ORDERS, NOW THE COURT JUDGE MARTIN WANTS RETALIATION, THEY WANT ME TO PAY FOR LIES THEY CREATED AND AGREEMENTS MADE IN BAD FAITH, I HAVE TO PAY! THESE ACTIONS COULD RESURRECT THE FOUNDING FATHERS, I BELIEVE THOMAS Jefferson warned us about this.

(*Id*.) Plaintiff further alleges that unknown court advocates also "aid[ed] and abett[ed] a crime by "coercing Ms. Vumbico to lie in restraining orders," and judges "basically rule based on monetary gain for the state and court." (*Id*.) He claims that the court orders that were issued in the Family Court violated his "BASIC RIGHTS TO LIFE LIBERTY AND THE PURSUIT OF HAPPINESS." (*Id*.)

Plaintiff also takes issue with decisions by Judges Amodeo and Posner, particularly their findings that he was mentally ill. He asserts that Judge Amodeo "coerced" Masum Ahmed, a psychiatrist employed by Dutchess County Mental Health, "to say [Plaintiff] was schizophrenic in [a] report." (*Id*.) He further alleges that former Judge Posner ordered a mental evaluation of Plaintiff that "was biased and incorrect." (*Id*. at 5.) According to Plaintiff, both of the mental health evaluations, which were entered into the record, "are stand alone and no other doctors who treated [Plaintiff] could collaborate." (*Id*. at 5-6.) Plaintiff contends that Dutchess County had previously conducted four mental health evaluations of him which were different to "these

last two bad ones," which he is "sure are not transparent in the court records." (*Id*. at 6.) Plaintiff asserts that no other doctor had found him to be schizophrenic and he believes that "THEY DRIVE YOU INTENTIONALLY TO THE BRINK OF INSANITY BY THEIR UNJUST ACTIONS THAT IN EFFECT ARE CRIMINAL." (*Id*. at 5.) Plaintiff also points out the paradox of the state courts' findings that he was mentally ill, and "the court and county 'work[ing] to defeat [his] Social security claim for" disability benefits. (*Id*.)

Along with his objections to Judge Martin's issuance of restraining orders and the rulings by Judges Amodeo and Posner rulings regarding his mental health, Plaintiff also contends that his rights were violated in the following manner in state court proceedings: (1) in July 2006, Judge Amodeo issued an order that "falsely and unlawfully" evicted Plaintiff from his home in Beacon, New York; (2) in 2006, the court ordered that his visits with his then-one-year-old son must be supervised by "Supervised Facilitators," who made "exaggerated misrepresentation to the court, such as Plaintiff was "unstable"; (3) in August 2006, the court "unfairly charged him $350.00 per week of child support by improperly using his 2005 income when he had two jobs; and (4) in September 2008, someone sent a "spoof text" to his ex-wife's cell phone, which resulted in the court finding that he had violated an order of protection although he had nothing to do with the text and believes his phone was hacked. (*Id*. at 10-11.)

## DISCUSSION

### A.    Claims under Section 1983

Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a " state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### 1. Judicial immunity

Plaintiff's claims against Judges Martin, Amodeo, and Posner must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judges Martin, Amodeo, and Posner acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judges Martin, Amodeo, and Posner for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judges Martin,

Amodeo, and Posner under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C.
§ 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim
dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in
forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint
will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'"
(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

### 2. Eleventh Amendment immunity

Plaintiff's claims against the Dutchess County Family Court must also be dismissed on
immunity grounds. "[A]s a general rule, state governments may not be sued in federal court
unless they have waived their Eleventh Amendment immunity or unless Congress has
abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355,
366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original).
This immunity shields States from claims for money damages, injunctive relief, and retrospective
declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. &
Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh
Amendment extends beyond the states themselves to state agents and state instrumentalities that
are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation
omitted).

Congress has not abrogated the States' immunity for claims under Section 1983. *See
Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has
not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park
Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Further, "the New York State Unified Court System is
unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign
immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see Brown v. Astoria Fed. Sav. & Loan*

*Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (claims against New York Supreme Court barred by the Eleventh Amendment) (citing *Gollomp*, 568 F.3d at 368); *see also Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

Plaintiff sues the Family Court – a part of the New York State Unified Court System. The Court therefore dismisses Plaintiff's Section 1983 claims against this defendant under the doctrine of Eleventh Amendment immunity and because these claims are frivolous.[2]

### 3. Claims against Private parties

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.")..

As Marisa Vumbico, Plaintiff's ex-partner, is a private party who is not alleged to have been working for any state or other government body, and Plaintiff does not allege facts suggesting that her actions could be "fairly attributable" to the state, she is not subject to liability under Section 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982); *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The Court therefore dismisses Plaintiff's claims

---

[2] *See Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of Section 1983 liability); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of Section 1983 liability).

against Ms. Vumbico for failure to state a claim on which relief may be granted. *See* 28 U.S.C.
§ 1915(e)(2)(B)(ii).

**B.      Domestic Relations Abstention and *Rooker-Feldman***

Even if Plaintiff had sued an appropriate defendant, his claims are barred by the domestic

relations abstention doctrine and the *Rooker-Feldman* doctrine.

### 1.   Domestic relations abstention

Federal district courts must abstain from exercising federal-question jurisdiction of

claims involving domestic-relations issues. *Deem v. DiMella-Deem*,  941 F.3d 618, 621-24 (2d

Cir. 2019). Accordingly, "even if subject matter jurisdiction lies over a particular matrimonial

action, federal courts may properly abstain from adjudicating such actions in view of the greater

interest and expertise of state courts in this field." *American Airlines, Inc. v. Block*, 905 F.2d 12,

14 (2d Cir. 1990).

Where a district court is "asked to grant a divorce or annulment, determine support

payments, or award custody of a child," the court should abstain from exercising its jurisdiction

over such claims if "there is no obstacle to their full and fair determination in [the] state courts."

*Id*. (internal quotation marks omitted); *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)

(recognizing a domestic relations exception to federal district courts' diversity jurisdiction of

state court claims involving divorce, custody, and support).

Plaintiff asserts claims under the Court's federal-question jurisdiction and asks this Court

to invalidate rulings – including decisions on visitation, child custody, and child support – made

over a decade ago in a matrimonial and child custody action in the Dutchess County Family

Court. Although Plaintiff asserts that he was denied due process and equal protection, he does

not allege any facts suggesting that the Family Court proceedings denied him a "full and fair

determination" in making its decisions. Rather, he disagreed with the decisions because they

9

resulted in his losing his right to parent his child for fourteen years, his employment, reputation and friendships. (*See* ECF 2, at 9.) It is clear, however, that the Family Court possessed a "greater interest and expertise" in adjudicating issues relating to support payments, custody, and visitation, *American Airlines, Inc.*, 905 F.2d at 14, and this Court must abstain from adjudicating such claims, particularly years after the alleged violations.

### 2. Rooker-Feldman doctrine

To the extent that Plaintiff challenges the outcomes of state court proceedings regarding divorce, child custody, child support, or his mental health, his claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases."). The *Rooker-Feldman* doctrine applies where the federal court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Plaintiff lost in state court, complains of injuries caused by the state court judgments, and asks this Court to invalidate the state courts' judgments regarding his divorce, child custody, and child support. Plaintiff's claims are barred under the *Rooker-Feldman* doctrine.

## C.    Claims under the ADA

Plaintiff's purported disability-based claims under the ADA must also be dismissed.[3] Even if the Court assumes that Plaintiff was disabled during the state court proceedings within the meaning of the ADA, his assertions do not show that any defendant discriminated against him *because of* his mental illness. It is not enough for Plaintiff to state that he is disabled and that bad things happened to him in the state court proceedings; he must allege facts from which a reasonable trier of fact could infer that these things happened to him because of discrimination on the basis of his disability. He does not allege any facts suggesting a plausible connection between his mental illness and the actions that were taken against him in the state court proceedings. The Court therefore dismisses Plaintiff's disability discrimination claims under the ADA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.    Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[3] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title III of the ADA prohibits discrimination " on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 3, 2022
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge